## Hervey S. Sayles v. John S. Curtis.

*Ejectment—Sufficiency of finding of title.*

In an action of ejectment a finding tracing title to two persons one of whom conveyed, as sole heir, to the other, is defective if there is no finding that he was sole heir or how he became so.

Where an action of ejectment rests on the title obtained under a decree in foreclosure against a man and his wife and the wife remains in possession claiming title in her own right, she should be made a defendant in ejectment and it should be found whether she was so brought into the foreclosure suit as to be bound by the decree therein.

Error to Oceana. Submitted Oct 8. Decided Jan. 19.

Ejectment. Defendant brings error. Reversed.

*L. J. Rutherford* for plaintiff in error.

*F. J. Russell* for defendanti n error.

Campbell, J. Curtis sued Sayles in ejectment and recovered judgment. Error is assigned on rulings on the trial and on the conclusions of law.

There are some interesting and complicated questions presented on the argument, but the defects in the facts found make it difficult to reach them.

Title is traced into two Indians, of two separate parcels of land. One of them is found to have conveyed as sole heir to the other, but there is no finding either that he was sole heir or how he became so.

Phebe Sayles, wife of Henry S. Sayles, was made a defendant in a chancery suit for the foreclosure of a mortgage, under the decree in which case Curtis asserts his title. It does not appear from the finding what title she had or claimed, but it does appear inferentially that she was in possession, and that demand of possession was made of her under the confirmation of sale. There is no finding that she was

brought in so as to be bound by the decree. If she was in possession, claiming title in her own right, she should have been made defendant in this suit. That matter, therefore, was not unimportant.

The whole finding leaves too much to be inferred. For the defects pointed out we think there was a mistrial, and a fuller finding would, perhaps, have made some questions now raised inapplicable.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.